### DE LAVAL SEPARATOR CO. v. VERMONT FARM MACH. CO.

(Circuit Court, D. Vermont. November 24, 1903.)

1. PATENTS—VALIDITY—JOINT PATENT FOF SEPARATE INVENTIONS
    Two persons cannot obtain a valid joint patent for different improvements on the same machine, invented by each separately, without the participation and knowledge of the other.

2. SAME—CREAM SEPARATORS
    The Mélotte & Reuther patent, No. 521,722, for improvements in cream separators, is void as covering separate inventions of the joint patentees.

In Equity. Suit for infringement of letters patent No. 521,722, for improvements in cream separators, granted June 19, 1894, to Jules Mélotte and Wilhelm Reuther. On final hearing.

See 109 Fed. 813.

George J. Harding and Frank S. Busser, for plaintiff.
George L. Roberts and H. E Hart, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 521,722, dated June 19, 1894, granted to Jules Mélotte, of Belgium, and Wilhelm Reuther, of Germany, for improvements in centrifugal cream separators. The invention is shown by nine figures, and set forth in specifications referring to the figures, with two claims. The defense consists, among other things, of prior knowledge and use by Jules Mélotte. Upon this point Mélotte testified (pages 66 and 67 of the defendant's record):

"Did Wilhelm Reuther help in any way whatever to make the invention you patented in the aforesaid German, French, English, Belgian, and American patents?" "Reuther helped in the invention patented in America, but

---

¶ 1. See Patents, vol. 38, Cent. Dig. § 124.

not in the others." "Indicate the part of invention of Reuther." "Reuther invented the three devices Figures 7, 8, and 9, which are shown on the page signed by you in the publication that will be annexed to the present official report, which Master Toussaint declares to be a copy of the American patent." "Did you not apply for the Belgian, German, French, and English patents before having any conversation or communication, written or verbal, with Reuther, relative to taking any patent whatever, no matter where, for the said invention?" "I cannot tell, not remembering whether I knew Reuther before or after the taking of these four patents. I have had relations with Reuther in other business than this." "Is it well understood that Reuther has no other part in the invention patented in the United States than the device shown in the illustrations bearing the numbers seven, eight, and nine on the page signed by the judge under commission?" "I know that Reuther's only part in the invention is the device 7, 8, and 9. My own part is that of the device 1, 2, 3, 4, and 5 of the same print annexed to your official report signed by you. As to the device shown in Figure 6, I knew it before my conversation with Reuther about the invention patented later in America, but I do not know whether Reuther had not discovered it in the course of his studies on that same cream separator which we contemplated having patented in America."

This, with the prior foreign patents to Mélotte alone, and other evidence, clearly shows that Reuther had nothing to do with anything shown in Figures 1, 2, 3, 4, and 5, and probably not with anything shown in Figure 6 of the drawings. The infringement claimed refers to the invention shown in these drawings in which Reuther is not shown to have had any part and is not shown by the plaintiff to relate to Figure 6, in which he probably had no part.

The question hereupon arises whether Mélotte and Reuther could have a joint patent for an improvement made solely by Mélotte without any concurrence or assistance from Reuther, and without the knowledge of Reuther. This is technical, but, as patents are founded solely upon statutes, they are not valid unless they comply substantially with all the terms and provisions of the statute. The patent is prima facie evidence of the invention by the patentees; but by the terms of the statutes it is open to any one in a suit upon a patent to show that the patentees were not original and first inventors, and that it was known to and used by others before their invention. Showing knowledge and use by Mélotte, in which Reuther had no part, takes this invention away from Mélotte and Reuther as much as if the person having prior knowledge and use had been some other person than Mélotte. In Bannerman v. Sanford, 99 Fed. 294, 39 C. C. A. 534, the Circuit Court of Appeals in this circuit distinguished clearly between joint and several inventions, and showed that a patent for an invention made by two could not lawfully be issued to one. In that case Spencer and Roper had made a joint invention of a breech-loading gun, for which a patent was taken out to Roper alone. Judge Lacombe said:

"Roper, having, with Spencer, invented and constructed a machine which contains a certain useful combination, thereafter takes out a patent in his own name covering this very combination. If the prior machine produced by both men, and known to both, does not disentitle Roper to cover such combination in his patent, it would not disentitle Spencer to cover the same combination in a patent to himself, and we would have two joint inventors, each rightfully holding a separate patent for the same invention, which is absurd. The fact of knowledge by Spencer of the concrete embodiment of the com-

bination in the guns of 1881 is in no way dependent upon the other fact that it was his invention, or Roper's, or their joint product, or that of some stranger. Once the combination was successfully embodied in a concrete shape, it declared its own existence to any one skilled in the art who looked at it; and we see no sound reason why Spencer alone should be precluded from acquiring the knowledge which such inspection would convey, merely because he had been jointly instrumental with Roper in producing it."

Upon these principles, which cannot be overlooked or disregarded, this patent could not properly issue to Mélotte and Reuther as for a joint invention, when, as to the part in controversy here, it was the sole invention of Mélotte, without any participation whatever in it by Reuther. That Reuther had some part in another improvement upon such machines does not justify joining him in a patent for the invention of this improvement in question in which he had no part whatever. The conclusion is forced that in this view this patent, at least as to this part of the invention, cannot be sustained. This necessarily leads to the conclusion that the bill in this case must be dismissed.

Bill dismissed.